Good morning. I'm Hilda Scheib, representing appellant Jeffrey Galbraith. I would like to address my initial remarks to the Strickland issue, and particularly to the Strickland issue as it applies to the finding of amenability for juvenile court treatment. The law at the time of this offense, 1997, was that a minor accused of certain serious crimes is presumed unfit for treatment under the juvenile court system. At the time of the charged crimes, a minor between the ages of 14 and 16 was presumed unfit for juvenile court treatment if he committed a crime of murder under certain enumerated situations, and those are, one, that he personally killed the victim, two, acting with intent to kill, he aided and abetted the killer, or three, while not the actual killer, he acted with reckless indifference to human life and was a major participant in the murder. In these cases, before the presumption of unfitness can apply, the defendant is entitled, the juvenile is entitled to require the prosecution to make a prima facie case, to make a prima facie showing of the commission of the crime. The standard is a reasonable cause. The defense counsel in this case failed to do so, and in effect what he did was to allow one of the most serious consequences, if not the most serious consequence in juvenile law, that is being tried as an adult, to pass without judicial determination on the issue. Isn't that issue recycled back to the first issue? That is, there's little doubt that you can make a prima facie showing if his statements are accepted or admitted. Don't you have to suppress the statements to raise a question as to whether a prima facie showing could have been made? Your Honor, I believe there are two aspects to this prima facie showing. One is the voluntariness of the statements. But even leaving aside the voluntariness of the statements, the issue arises, would, should a defense counsel have challenged the requirement that appellant be both a major participant in the murder and acting with reckless indifference to human life? In other words, those factors need to be proven to bring him within the strictures of 707. But a prima facie showing doesn't require proof beyond a reasonable doubt. That's correct. And here, the government easily could show he participated in the crime and that at first he was the lookout, but that when the fight began or the scuffle, that he moved up to give assistance to the guy who had the gun. And it's rather hard to think that that wouldn't be a prima facie showing. Initially, I'd like to point out that it's, these showings need to be made, are in the conjunctive. In other words, reckless indifference to human life and major participation. If he gets convicted of the crime beyond reasonable doubt, how can we say that with a lesser standard prima facie showing, a court's going to decide, well, that prima facie showing isn't established, but yeah, there's sufficient evidence to convict him on a reasonable doubt. Isn't there a discontinuity there? How could it be, how could he have been convicted in the end if you tell us there's not enough evidence to make a prima facie showing? I don't think his conviction hinged on the, showing that he had a reckless indifference to human life, which is a subjective standard under, under applicable law. There was... Also, if he gets convicted of second degree murder, it's probably going to be hard to persuade a court there's not at least prima facie evidence of, of, of the recklessness. I hear your argument, but it seems to me, in order to demonstrate any kind of prejudice, you've got to be able to persuade us that if challenged, the defense counsel would have succeeded in beating off this prima facie showing. And I, as long as the other issue we identified, as long as his statements aren't suppressed, it seems to me it's very difficult to believe that a court would have said the lower burden wouldn't have been met. So, under, under Strickland, the, the showing is, as the court is well aware, reasonable probability sufficient to undermine confidence in the outcome. And not, a harmless error standard is not, is not applicable. Strickland is, is sufficient in itself. Under... So, wouldn't we need to say that the, the court's determination on that issue was objectively unreasonable? Yes. Which is hard to do given, given the ultimate conviction. It would be foolish of me to attempt to argue that this was, this is not a difficult burden to be met. I, I do believe, however, that there was the showing of subjective reckless indifference to human life was not sufficiently made. And I would point to California cases which have construed this. And these are, the, the standard is identical to 190.2, the special circumstances for murder. Most of the cases arise in that context. An underlying theme of these cases is that the defendant, although well aware of the gravely injured victim, proceeds to continue with the robbery or is, is, pays no attention to the victim. What the, what the testimony, what the statements were in this case was that the, the, Mr. Galbraith was unaware of the condition of the, of the victim. They, they also involve situations, and I'm talking particularly about a case called People v. Mora, that, that the defendant facilitated the actual killing of the victim by providing a weapon or that they had committed robberies together in the past and were, and the defendant was aware of the co-defendant's predilection for violence. I think there, that the, the confessions in this, the statements in this case do not establish those points, and it's on that basis that I would say that there's, you know, insufficient showing of reckless indifference. Is there a practice of notifying the parents before questioning a minor? There certainly wasn't at this time. There was not? There was not, and he was questioned without a parent. Yeah, it's obvious he was questioned without a parent, but I wondered if the custom at that time was to notify a parent. As I understand it, it wasn't, Your Honor. It was not. Okay. I will reserve the remaining time. Thank you. May we do so? We'll hear from counsel for the State. Thank you, Your Honors, and may it please the Court. My name is Bruce Ortega of the State Attorney General's Office, and I represent the government in this case. And Your Honors are correct. This is an AADPA case, so Petitioner's burden is to show objective unreasonability in either a legal or factual determination by the State court in rejecting the Strickland argument. And as I understood Petitioner's counsel to just argue that the confessions in this case do not establish that the defendant or the Petitioner had a subjective awareness that death could occur in this robbery, and I would vehemently disagree with that. I think it's important to recognize that the Petitioner told the police that he had a knife because, quote, all Mexicans carry knives. And he also stated that had two kids tried to rob him, he would have responded with deadly force. So given that, given his confession that he was the lookout, given his confession that at one point he used his finger and told the victim, Break yourself, which is in the vernacular, you know, you're getting robbed, I don't think there can be any argument that the State court was objectively unreasonable here in finding that had Petitioner's counsel made a motion, the government can't establish a prima facie case, that the government would not have been able to establish that prima facie case. I think as long as the confessions are in evidence, there can be no doubt that there was no Strickland violation here. Unless the court has any other questions with respect to the Miranda issue or the Strickland issue. Is it the practice of the prosecutor not to come in and make that prima facie showing? I'm sorry, Your Honor? Is it the practice of the prosecutor not to come in and make that prima facie showing unless challenged? That's correct, Your Honor, because the presumption under the statute at that time was the presumption of unfitness. So it was the Petitioner's burden at that point to show fitness. Petitioner's counsel could have said, before I am forced with meeting this burden, I want the prosecution to establish its prima facie case. And our position is, armed with those statements, which were ultimately introduced into evidence, and Your Honor's pointed out, were the focus and the premise of the conviction that the prosecution could have easily met its prima facie case, which is strictly probable cause. Substantial belief that a reasonable person would find him guilty under the second degree murder principles. If there's no further questions, we'll submit. Thank you. I will just very briefly respond to the two points that Mr. Ortega made. Regarding the knife, this was in response to a question in which Mr. Galbraith said he thinks the victim had a knife but never saw it or knew where it was, and that's because he assumes that all Mexicans carry knives. I mean, to me, that's hardly dispositive on subjective reckless disregard for human life. And as... He does suggest that he knew he'd be entering a situation that was dangerous, that he anticipated the victim, the person they were targeting, would have a knife. Does that not suggest that he's entering a territory that could be characterized as reckless? Yes. In this regard, I'd like to point out that because it's a subjective test, I think we're entitled to consider the defendant as who he was, a 15-and-a-half-year-old ninth grader who had just been wounded, had been hospitalized, been treated with morphine. Well, those are things that relate to perhaps the voluntariness of the statement. But in terms of the recklessness, in terms of the character of the offense, I mean, he wasn't hospitalized and treated with morphine when he decided to go into that furniture store. No, that's correct. And that's what... Yes, you're correct. And that's what has to be evaluated. You're correct. I was merely suggesting that it's a subjective rather than objective test, and that as such, his age and his sophistication are subject to consideration. Thank you. Thank you for your argument. Thank both counsel. The case just argued is submitted.
judges: B. Fletcher, Clifton, Ikuta